**E. S. SHIPP, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 14059.

United States Court of Appeals
Ninth Circuit.

Dec. 2, 1954.

Dexter D. Jones, Raymond V. Haun, Henry Schaefer, Jr., E. J. Caldecott, Los Angeles, Cal., for appellant.

H. Brian Holland, Asst. Atty. Gen., Dudley J. Godfrey, Ellis N. Slack, A. F. Prescott, Alonzo W. Watson, Jr., Sp. Assts. to Atty. Gen., Kenneth W. Gemmill, Acting Chief Counsel, Int. Rev. Service, Washington, D. C., for appellee.

Before STEPHENS and FEE, Circuit Judges, and GOODMAN, District Judge.

GOODMAN, District Judge.

The question for decision is: Did the Commissioner of Internal Revenue correctly assess a deficiency against petitioner because the latter deducted attorneys' and accountants' fees incurred in defense of a lawsuit, which sought to obtain title to part of his property, as "necessary expenses for management, conservation or maintenance of property held for production of income?" § 23 (a) (2), Internal Revenue Code, 26 U.S.C.A. § 23(a) (2).

Prior to 1942, expenses incurred in producing non-business income were not deductible. Only expenses incurred in producing business income were deductible. This inequity was pointed out in Higgins v. Commissioner, 1941, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783. Consequently, in the Revenue Act of 1942, 56 Stat. 798, Congress eliminated the above distinction. § 23(a) (2) Revenue Code, Sec. 121(a) Revenue Act of 1942.

To be deductible under the 1942 Amendment, expenses must directly concern or result from activities producing income, or managing or conserving or maintaining income-producing property. Bingham's Trust v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670; McDonald v. Commissioner, 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68. However, it is appropriate to point out that the standard of deductibility under the 1942 Amendment was no different than theretofore, i. e., no new class of deduction

was created. Capital expenditures still remained non-deductible.[1]

■ The stipulated facts in this case show that petitioner taxpayer's wife died in 1948. The executor of her estate sued him in the State Court, praying for a judgment declaring certain of his assets, consisting of money, real property and corporate stock, to be community property and certain portions thereof to be separate property of the deceased, to quiet title to such property as against petitioner for delivery of the same to the executor, for the appointment of a receiver and for an injunction restraining petitioner from transferring or disposing of such property. The property consisted of money in bank, income producing real property and shares of stock in Realty & Finance Corporations, which petitioner had organized and was managing.

Petitioner employed an attorney and an accountant to assist him in defending the action. He finally won the case. He deducted the fees paid to lawyers and accountants. The Commissioner disallowed the deductions. The Tax Court upheld the Commissioner. The case is here on appeal from its decision.

The Tax Court based its decision upon the ground that the fees paid were in defense of petitioner's ownership and title to his property and were thus capital expenditures and not necessary expenses under § 23(a) (1) or (2).

We agree with the Tax Court.

The Tax Court factually found that the fees here involved were directly connected with the defense of petitioner's title to property. They were expended to defeat an adverse claim to his property. There are some cases where such deductions were approved, because defense of title was only incidentally involved.[2] But here the record facts incontrovertibly show that the whole purpose of petitioner's defense to the executor's suit was to prevent a substantial part of his property getting into the hands of his deceased wife's executor. In so doing, he was acting entirely in his own interest as opposed to the estate's interest, which was adverse.

Under such circumstances, the law is clear that the expense of defending against such a suit is a capital expenditure and not deductible under the Revenue Code.[3]

Decision of the Tax Court affirmed.

1. Bingham's Trust v. Commissioner, supra; McDonald v. Commissioner, supra; Lykes v. U. S., 343 U.S. 118, 125, 72 S.Ct. 585, 96 L.Ed. 791.

2. For example, see Allen v. Selig, 5 Cir., 200 F.2d 487; Garrett v. Crenshaw, 4 Cir., 196 F.2d 185, 187; Addison v. Commissioner, 8 Cir., 177 F.2d 521, 23 A.L.R.2d 897; Murphy Oil Co. v. Burnet, 9 Cir., 55 F.2d 17, 26; Levitt & Sons v. Nunan, 2 Cir., 142 F.2d 795.

3. Schwabacher v. Commissioner, 9 Cir., 132 F.2d 516; Murphy Oil Co. v. Burnet, supra; Garrett v. Crenshaw, supra; Heller v. Commissioner, 9 Cir., 147 F.2d 376; Addison v. Commissioner, supra.