**Joseph W. HARRIS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 36467.**

United States District Court
N. D. California, S. D.

Jan. 6, 1958.

Nathan G. Gray, Berkeley, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., and Lynn J. Gillard, Asst. U. S. Atty., San Francisco, Cal., for defendant.

ROCHE, Chief Judge.

Plaintiff Joseph W. Harris brings this action for recovery of $15,461.30, which he claims was erroneously and illegally assessed against him as income tax for the calendar year 1951 plus interest, and which he paid to the Director of Internal Revenue for the First District of California on June 29, 1956.

In a complaint for a divorce from his wife in January 1950, plaintiff asserted that all property standing in his name was his separate property and that there was no community property. Plaintiff's wife, in her answer and cross-complaint, asserted that all of the property was community property and asked that all of

the property be awarded to her along with a divorce decree.

At the conclusion of the trial in the divorce action, the court granted plaintiff Joseph W. Harris a decree of divorce. The court also found that there was community property. After judgment in the divorce action, plaintiff and his wife entered into a property agreement which settled their controversy.

When plaintiff filed his income tax return for the calendar year 1951, he deducted from gross income $17,621 of the $21,071 which he had paid his attorneys and his accountant in the divorce action and property settlement. Plaintiff based his deduction on Internal Revenue Code of 1939, § 23(a) (2) [1], added by 56 Stat. 819 (1942), 26 U.S.C.A. § 23(a) (2) (now Internal Revenue Code of 1954, § 212, 26 U.S.C.A. § 212). This claimed deduction of $17,621 was disallowed by the District Director of Internal Revenue.

It is plaintiff's contention that the $17,621 paid to his attorneys and to his accountant represented fees paid for the conservation of property held for the production of income within the meaning of Internal Revenue Code of 1939, § 23 (a) (2), and are therefore deductible from his gross income for the calendar year 1951. Plaintiff cites the cases of Baer v. Commissioner, 8 Cir., 1952, 196 F.2d 646, and Bowers v. Commissioner, 6 Cir., 1957, 243 F.2d 904, as authority for his position.

Defendant contends, on the other hand, that the fees paid by plaintiff to his attorneys and accountant were not for the conservation of property held for the production of income but for defending plaintiff's title to his property. Therefore, the $17,621 legal and accounting fees are capital expenditures and not deductible from gross income within the meaning of Internal Revenue Code of 1939, § 23(a) (2).

The principle of law involved in this action has been raised and ruled on in the Ninth Circuit. In Shipp v. Commissioner, 9 Cir., 1954, 217 F.2d 401, the taxpayer sought to deduct the legal expenses incurred in defending an action against certain of his assets brought by his deceased wife's executor. The Court of Appeals, upholding the decision of the Tax Court in denying the deduction, stated at page 402:

"The Tax Court factually found that the fees here involved were directly connected with the defense of petitioner's title to property. They were expended to defeat an adverse claim to his property. There are some cases where such deductions were approved, because defense of title was only incidentally involved. But here the record facts incontrovertibly show that the whole purpose of petitioner's defense to the executor's suit was to prevent a substantial part of his property getting into the hands of his deceased wife's executor. In so doing, he was acting entirely in his own interest as opposed to the estate's interest, which was adverse.

"Under such circumstances, the law is clear that the expense of defending against such a suit is a capital expenditure and not deductible under the Revenue Code." (Citations omitted.)

Plaintiff, in his briefs and in his oral arguments, has attempted to bring his case within the factual situation of Baer v. Commissioner, 8 Cir., 1952, 196 F.2d 646, and a series of cases wherein legal expenses have been held deductible under Internal Revenue Code of 1939, § 23(a) (2). In Baer, however,

1. "*Deductions from gross income.* In computing net income there shall be allowed as deductions:
   "(a) Expenses * * *.
   "(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

the petitioner did not deny his liability to make certain payments to his wife, nor was ownership of the property questioned. Clearly, then, the action in Baer did not constitute a defense of title since the wife did not assert ownership of the property involved. Plaintiff in the instant case, however, in his divorce action asserted that there was no community property. His wife, on the other hand, claimed that *all* of the property was community property. Plaintiff now contends that the fees which he paid his attorneys and accountant for determining whether the property in his name was community or separate, opposing his wife's claims to an interest therein, and negotiating an agreement settling financial and property rights with his wife were expenses "for the management, conservation, or maintenance of property held for the production of income."

The fundamental fact is that plaintiff is claiming a deduction from gross income for legal expenses incurred in defending his title to property. The decisions of the courts are clear that the cost of defending or perfecting title to property constitutes a part of the cost of the property and is not a deductible expense. Shipp v. Commissioner, 9 Cir., 1954, 217 F.2d 401; Bowers v. Lumpkin, 4 Cir., 1944, 140 F.2d 927, 151 A.L.R. 1336, certiorari denied 1944, 322 U.S. 755, 64 S.Ct. 1266, 88 L.Ed. 1585; Murphy Oil Co. v. Burnet, 9 Cir., 1932, 55 F.2d 17.

Plaintiff has the burden of showing that the legal and accounting fees he seeks to deduct do, in fact, relate to the conservation of property held for the production of income and not to defense of title to that property. Shipp v. Commissioner, 9 Cir., 1954, 217 F.2d 401. Where defense of title is only incidentally involved in the services rendered, the total amount of the fees may be deducted. Shipp v. Commissioner, supra; Sergievsky v. McNamara, D.C.S.D.N.Y. 1955, 135 F.Supp. 233. Otherwise, the taxpayer must present facts which permit the court to apportion the legal and accounting fees between the amount allocable to defense of title, which is capitalized, and the amount allocable to conservation of property held for the production of income, which may be deducted Agnes Pyne Coke, 1951, 17 T.C. 403, affirmed 5 Cir., 1953, 201 F.2d 742. The record is bare of such facts in the instant case. Consequently, judgment must be entered for defendant.

Plaintiff's prayer for a refund of taxes assessed against him by the District Director of Internal Revenue for the calendar year 1951 is denied. And it is so ordered.