Joseph W. HARRIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16015.

United States Court of Appeals Ninth Circuit.

Feb. 3, 1960.

Richard F. Swisher, Oakland, Cal., Nathan G. Gray, Berkeley, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Carolyn R. Just, Robert N. Anderson, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., Lynn J. Gillard, U. S. Atty., Marvin D. Morgenstein, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS, HAMLEY and HAMLIN, Circuit Judges.

STEPHENS, Circuit Judge.

The taxpayer has appealed from a judgment of the District Court which held that that portion of his attorney fees in his divorce action which was chargeable to the community property issue was not deductible under Section 23(a) (2) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 23(a) (2), as " * * * ordinary and necessary expenses paid * * * for the management, conservation, or maintenance of property held for the production of income."

The facts were largely stipulated. In the divorce suit, Harris contended that there was no community property, while his wife claimed that at least part of the property standing in Harris' name was community. Harris had real estate valued at approximately $415,000, which was almost the sole source of his income. The court found that the community interest was worth $170,000, and awarded $65,000 to the wife. The trial of the community property issue lasted five weeks; there were no negotiations for a settlement. After the trial, it was agreed that the wife's interest would be paid in cash.

It is undisputed that the property involved was held for the production of income. Harris contends that his attorneys were primarily engaged in preventing the breakup of his property, and that their fees are therefore deductible as ordinary and necessary expenses paid for the conservation of income property. He relies on Baer v. Commissioner of Internal Revenue, 8 Cir., 196 F.2d 646, which has been approved in this Circuit in Howard v. C. I. R., 9 Cir., 202 F.2d 28, 30.

**240**

"In Baer v. Commissioner, * * * the showing was of expense to the taxpayer in resisting a claim which threatened immediate destruction, to a substantial extent, of his capacity to earn income. The legal expense incurred was thought to bear a direct relationship to the management and conservation of property held for the production of income. * * * The Baer case, we think, affords a good illustration of the proper application of the statute."

Tressler v. C. I. R., 9 Cir., 228 F.2d 356, 361, is to the same effect:

"Generally, fees paid by a husband in resisting his wife's monetary demands incident to a divorce are not deductible under Section 23(a) (2) * * *. However, when the controversy between the spouses goes not to the question of liability but to the manner in which it might be met and, at the same time the wife demands a part of the husband's income-producing property, control over which affects the husband's general income-earning capacity, legal fees incurred by the husband are deductible. Baer v. Commissioner, * * *."

■ The expenses of a divorce suit are not generally deductible, aside from Section 24 of the Code,[1] because defense of one's title to property is a capital expense. Shipp v. C. I. R., 9 Cir., 217 F.2d 401. See also, Lykes v. United States, 343 U.S. 118, 125–126, 72 S.Ct. 585, 96 L.Ed. 791. In this case, the attorney fees were paid to resist the wife's claim that there was community property. While some slight attention was paid to the problem of dividing the property after judgment, no evidence was presented on the value of the attorneys' service in this connection.

The judgment of the District Court denying a tax refund is affirmed.

[1] "§ 24 Items not deductible.
  "(a) General Rule. In computing net income no deduction shall in any case be allowed in respect of—

"(1) [As amended by Sec. 127(b), Revenue Act of 1942, supra] Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x);" 26 U.S.C.A. § 24.