**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Adelaide D. J. BURGWIN, Respondent.**

**No. 13036.**

United States Court of Appeals
Third Circuit.

Argued Feb. 18, 1960.

Decided March 31, 1960.

Meyer Rothwacks, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Carolyn R. Just, Attys., Dept. of Justice, Washington, D. C., on the brief), for petitioner.

Carl E. Glock, Jr., Pittsburgh, Pa. (Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for respondent.

Before BIGGS, Chief Judge, and STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

The taxpayer, Adelaide Burgwin, is the life beneficiary of a testamentary trust of personalty, including corporate stock. In 1952 she filed a suit in a Pennsylvania state court to obtain the allocation and distribution to her of a part of certain stock which had been acquired by the trust in exchange for other stock as a result of a tax-free corporate reorganization. In 1954, upon the unsuccessful termination of that suit, taxpayer paid attorneys' fees and other expenses of the litigation. As a cash-basis taxpayer, she claimed this expense item as a deduction in her 1954 income tax return.

The Commissioner disallowed the claimed deduction. However, the Tax Court, in an opinion reported at 31 T.C. 981, ruled that a portion of these legal expenses, stipulated to have been paid for legal services rendered and valued on a time basis in 1952 and 1953, had been expended for the production of income which, if received in 1952 or 1953, would have been taxable to the trust beneficiary under Section 162(b) of the Internal Revenue Code of 1939.[1] On that basis the Tax Court allowed a deduction, under Section 212(1) of the Internal Revenue Code of 1954,[2] of so much of the 1954 expenditure as represented payment for work done in 1952 and 1953 in an effort to compel the above described distribution of part of the trust estate to the life beneficiary. The Tax Court also considered but rejected an alternative contention that the claimed deduction was allowable under Section 212(2) of the 1954 Code as an expense "for the management, conservation or maintenance of property held for the production of income". 26 U.S.C., 1958 ed., § 212(2).

---

1. Section 162(b) provides that "the amount of the income of the estate or trust for its taxable year which is to be distributed currently * * * shall be included in computing the net income of the * * * beneficiaries * * *." 26 U.S.C.A. § 162(b).

2. "§ 212. Expenses for Production of Income
"In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—
"(1) for the production or collection of income"

Both theories of deductibility have been argued to us on this petition to review the decision of the Tax Court.

 We consider only one of the objections which the government makes to the allowance of a deduction under Section 212(1). It is that, assuming the 1939 Code rather than the 1954 Code governs the question, the allocation of stock to the beneficiary as sought in 1952 and 1953 would not have constituted taxable income to the beneficiary.[3] It is clear and undisputed that a deductible expense under Section 212(1) must be incurred in the effort to obtain gain which, if collected, will constitute income taxable to the spender. 26 C.F.R. § 1.-212–1 (1960). Here the trust assets in controversy were the product of a tax-free exchange and it is not contended that the trust itself realized income in the transaction. Therefore, even if the state court had awarded part of the proceeds of that transaction to the life beneficiary, that distribution would not have constituted taxable income to her. We so decided very recently with full analysis of the problem in Dovey v. United States, 3 Cir., 1958, 254 F.2d 538. We there considered and expressed our disagreement with the decisions and the reasoning upon which the Tax Court has relied in the present case. We have not changed our view of the matter. Accordingly, we conclude that the taxpayer's 1952 and 1953 legal expenses were not incurred in an effort to obtain taxable income and, therefore, are not deductible under Section 212(1).

■ We think the alternative argument of the taxpayer is also unsound. Here we agree with the Tax Court that the expenditure was not "conservatory in nature" but rather was an effort to establish entitlement to something supplementary to the life beneficiary's unquestioned right to the income of the trust. The life beneficiary was seeking not to vindicate her fully recognized basic interest in the trust estate which entitled her to current income, but rather to establish an additional equitable claim to a partial distribution of the corpus, thought to be valid under a rule of Pennsylvania law. Cf. Garrett v. Crenshaw, 4 Cir., 1952, 196 F.2d 185; Marion A. Burt Beck, 1950, 15 T.C. 642, 670.

The decision of the Tax Court will be reversed.

---

3. It is conceded that, if the 1954 Code governs, the allocation which taxpayer sought would not have been taxable income to her. 26 U.S.C. 1958 ed., §§ 652, 662.