William Scheefer and Barbara Scheefer v. Commissioner.
Scheefer v. Commissioner
Docket No. 451-65.
United States Tax Court
T.C. Memo 1966-85; 1966 Tax Ct. Memo LEXIS 197; 25 T.C.M. (CCH) 474; T.C.M. (RIA) 66085; April 22, 1966
Henry Gelles, Box 590, Lake Placid, N. Y., for the petitioners. Richard J. Grassgreen and *198 Bernard Goldstein, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: Respondent has determined a deficiency in petitioners' income taxes for the fiscal year ended January 31, 1961 in the amount of $1,096.45. The questions presented are: (1) The deductibility as ordinary and necessary expenses under section 212 of the 1954 Internal Revenue Code of expenses incurred by petitioners in connection with the retention of certain funds that petitioner William Scheefer received as beneficiary of his father's estate. (2) The deductibility of travel expenses incurred in connection with a trip to Florida. This is a fully stipulated case. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by reference. William Scheefer and Barbara Scheefer are husband and wife. They filed a timely joint income tax return for the fiscal year ended January 31, 1961 with the district director of internal revenue, Syracuse, New York. All references to "petitioner" shall be in reference to William Scheefer, Barbara Scheefer being a party to this proceeding only by reason of having filed a joint return with *199 William. William G. Scheefer, the father of petitioner, died September 1, 1949, leaving a last will and testament in which he named petitioner as executor of his estate and residuary legatee. The will was admitted to probate in the Surrogate Court of Franklin County, New York, and petitioner was appointed executor on or about September 8, 1949. [1]
On December 16, 1960, there was instituted in the United States District Court for the Northern District of New York a suit by Ingeborg Lange, Hannelore Lange, Wolfgang Lange, Marion Lange, Ellen Willi, and Ingelotte Knall (hereinafter referred to as "plaintiffs"). Petitioner was named defendant. The complaint alleged that plaintiffs were the heirs-at-law of Margaret Scheefer, deceased; that funds valued in excess of $100,000 belonging at all times to Margaret Scheefer had been kept in accounts in Swiss and Dutch banks in the name of William G. Scheefer; that during his life William G. Scheefer had been acting with respect to the funds pursuant to an understanding that the funds belonged to Margaret Scheefer and were to be surrendered *200 upon her demand; that petitioner had had custody and control of the funds since the death of William G. Scheefer; and, finally, that plaintiffs were entitled to the funds. The plaintiffs asked for an accounting for the present value of the funds and payment of the funds plus the increase in value. Petitioner filed an answer to the complaint on January 27, 1961, in which he alleged as his defenses that (1) as residuary legatee of his father's estate he was entitled to the funds; (2) the alleged agreement referred to by plaintiffs was not in writing as required by New York law; and (3) the statute of limitations had run. By stipulation between the parties, the case was dismissed without cost to any of the parties upon payment of $5,000 by petitioner to the plaintiffs. In defending the civil action and arriving at the $5,000 settlement, petitioner incurred legal and other expenses in the amount of $3,434.21, which he deducted on his joint Federal income tax return for the fiscal year ended January 31, 1961. Respondent disallowed the deduction. In 1960, petitioner was a partner in a partnership holding a parcel of land located in Florida. Petitioner incurred expenses in the amount *201 of $660.88 in connection with a trip to Florida, the amount of which he deducted on his income tax return. Respondent disallowed the deduction. Petitioner contends that section 212 [2] justifies the deduction of the $3,434.21 expenses involved in defending the suit brought by the heirs of Margaret Scheefer. Respondent contends that the expenses are not deductible because they are either capital or personal in nature. We hold that they are nondeductible. It appears from the record that the "funds" came into petitioner's hands by way of inheritance and therefore were not includable in his gross income. Sec. 102. On this basis alone the expenditures would appear nondeductible. Sec. 263; Commissioner v. Burgwin, 277 F. 2d 395 *202 (C.A. 3, 1960), reversing on other grounds 31 T.C. 981 (1959). Indeed, the gaps in the record respecting the nature of the "funds" (e.g., the extent to which cash was involved), [3] the possible baselessness of the litigation brought by the heirs, [4] and the extent to which the "funds" may have consisted of income accretions as well as principal (from which an allocation of the deduction might have been made) [5] are such that we need not grapple with the gremlins which have often plagued the courts in their efforts to synthesize sections 212, 262, and 263 and their predecessor sections. [6]
*203 The complaint of the heirs of Margaret Scheefer was that the funds which petitioner received as beneficiary of his father's estate in fact belonged to Margaret Scheefer and that, consequently, petitioner had no right thereto. On this basis, the situation falls squarely within the provisions of respondent's regulations (Sec. 1.212-1(k), Income Tax Regs.), which state: Expenses paid or incurred in protecting or asserting one's right to property of a decedent as heir or legatee, or as beneficiary under a testamentary trust, are not deductible. [7]
It seems equally clear to us that the situation meets the most recent test of deductibility under section 212 laid down by the Supreme Court in United States v. Gilmore, 372 U.S. 39, 50 (1963): Did the heirs' claims respecting petitioner's funds arise in connection with his "profit-seeking activities"? There is nothing in the record herein to indicate that petitioner's activities to which the expenditures were related had even an aura of "profit seeking." Whether Gilmore is considered *204 as establishing an "origin" or a "consequence" test, [8] our conclusion is inescapably the same. The fundamental reason for the expenditure was to determine the ownership of the funds and the assets into which they may have been transmuted. Consequently, the expenditure is nondeductible. In Re Buder's Estate, 330 F. 2d 441 (C.A. 8, 1964), affirming per curiam a Memorandum Opinion of this Court; Robert L. Wilson, 37 T.C. 230 (1961); affirmed per curiam 313 F. 2d 636 (C.A. 5, 1963); E. W. Brown, Jr., 19 T.C. 87 (1952), affirmed on this issue 215 F. 2d 697 (C.A. 5, 1954); James C. Coughlin, 3 T.C. 420 (1944). Sergievsky v. McNamara, 135 F. Supp. 233 (S.D.N.Y. 1955), so heavily relied upon by petitioner, is totally inapposite. The fundamental purpose of the litigation in that case was to impose a constructive trust on stock in order to facilitate an accounting for profits and damages; the necessity for adjudicating ownership of the underlying assets was only incidentally *205 involved.[9] Subsequent decisions citing the Sergievsky case have emphasized this distinction. See Industrial Aggregate Company v. United States, 284 F. 2d 639, 644 (C.A. 8, 1960); Lewis v. Commissioner, 253 F. 2d 821, 827 (C.A. 2, 1958), affirming 27 T.C. 158 (1956); Kennecott Copper Corporation v. United States, 347 F. 2d 275, 285 (Ct. Cl. 1965); Larchfield Corporation v. United States, 203 F. Supp. 821, 824 (D. Conn. 1962); Harris v. United States, 157 F. Supp. 921, 923 (N.D. Cal. 1958), affd., 275 F. 2d 238 (1960). As to the $660.88 incurred in connection with a trip to Florida and claimed as a deduction, petitioner has failed to prove that the expenditure was "ordinary and necessary" for production or collection of income or to the management, conservation, or maintenance of property held for the production of income within the meaning of section 212 or to show why it would be deductible under any other section of the Internal Revenue Code. Without further proof, we *206 cannot draw the inference that petitioner would have us draw that, because he owned an interest in a partnership that possessed land in Florida, his trip to Florida would necessarily be deductible. Decision will be entered for the respondent. Footnotes
1. The record does not show specifically when or to whom the assets of the estate were distributed.↩
2. All references are to the Internal Revenue Code of 1954. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income; or (3) in connection with the determination, collection, or refund of any tax.↩
3. Cf. Margit Sigray Bessenyey, 45 T.C. 261 (1965) (issue 2(b)); California and Hawaiian Sugar Refin. Corp. v. United States, 311 F. 2d 235↩ (Ct. Cl. 1962). 4. See E. W. Brown, Jr., 19 T.C. 87, 89 (1952), affirmed on this issue, 215 F. 2d 697 (C.A. 5, 1954); Jones' Estate v. Commissioner, 127 F. 2d 231, 232 (C.A. 5, 1942), affirming 43 B.T.A. 691 (1941); Willy Zietz, 34 T.C. 369, 382↩ (1960). 5. Joseph Lewis, 27 T.C. 158 (1956), affd. 253 F. 2d 821 (C.A. 2, 1958); cf. Daniel S. W. Kelly, 23 T.C. 682 (1955), affd. 228 F. 2d 512 (C.A. 7, 1956); Margit Sigray Bessenyey, supra, ( issue 2(a)). As we stated in E. W. Brown, Jr., footnote 4, supra, at p. 92↩: "The proof being as it is, we have no alternative to a holding that the legal expenses here involved were of a capital nature, and accordingly, not deductible from income." 6. For a discussion of the problems in rationalizing the decided cases, see Brookes, "Litigation Expenses and the Income Tax," 12 Tax L. Rev. 241 (1957); Note, "The Deductibility of Attorneys' Fees," 74 Harvard L. Rev. 1409↩ (1961).
7. The same provision was contained in the regulations under the 1939 Code. See Sec. 39.23(a)-15(k), Regs. 118.↩
8. See Note, "Deductibility of Legal Expenses: The Exclusivity of Gilmore," 40 N.Y.U.L. Rev. 350↩-359 (1965).
9. An accounting was sought for over $1,600,000 in taxable dividend income. See 135 F. Supp. at p. 236↩.