Henry E. Earle and Mary Earle v. Commissioner.
Earle v. Commissioner
Docket No. 6396-67.
United States Tax Court
T.C. Memo 1969-30; 1969 Tax Ct. Memo LEXIS 268; 28 T.C.M. (CCH) 138; T.C.M. (RIA) 69030; February 12, 1969, Filed Clarence A. Bradford, for petitioners. Patrick R. McKenzie, for respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' income taxes for 1964 and 1965 in the amounts of $2,288.15 and $912.10, respectively. The issues presented for decision are: (1) Whether petitioners are entitled under section 212(2) [1] to deduct legal expenses in the amount of $1,000, incurred in 1964 in connection with a divorce obtained by petitioner Henry E. Earle from his former wife. (2) Whether petitioners are entitled under section 162 to deduct expenses in the amount of $1,227.72, incurred in 1964 in connection with a trip to Europe; and (3) Whether petitioners are entitled under section 162 to deduct expenses in the amount of $2,109.80 and $1,952.92, incurred in 1964 and 1965, respectively, as entertainment expenses. General Findings of Fact Henry E. Earle (hereinafter referred to as "petitioner") and Mary Earle, husband and wife, were legal residents of Grosse Pointe Farms, *270 Michigan, at the time their petition was filed. They filed their joint income tax returns for 1964 and 1965 with the district director of internal revenue, Detroit, Michigan. 1. Legal Expense Issue Findings of Fact In 1964 petitioner was involved in divorce proceedings, and in connection therewith he incurred expenses of $1,000 for legal services. These services related primarily to the settlement between petitioner and his former wife of their interests in real estate. In their return for 1964 petitioners claimed a deduction of $1,000 for "Legal Expense." In the notice of deficiency respondent disallowed the deduction, determining that the item was "a nondeductible personal expense under section 262 of the Internal Revenue Code." Opinion Petitioner contends that his former wife sought "to take a considerable part of his assets" and that the legal expenses were incurred "to preserve his property," apparently relying upon section 212(2) to support the deduction. [2] Respondent argues that the 139 expenses were personal in nature and nondeductible by virtue of section 262. [3] These contentions of the parties pose the issue we are asked to decide. *271 In order to be deductible under section 212(2), an expense must be incurred "for the management, conservation, or maintenance of property held for the production of income." [Emphasis added.] The record before us, however, is devoid of any evidence regarding the nature and character of the real estate involved in the divorce proceedings - i.e., whether it was income-producing - or the purpose for which it was held. Thus, for this reason alone, the deduction would not be allowable. But we need not base our decision on this ground, for even if the property in dispute was income-producing, the Supreme Court's decision in United States v. Gilmore, 372 U.S. 30 (1963), resolves *272 the issue in favor of respondent. There the taxpayer had incurred legal expenses in a divorce proceeding and sought to deduct them under section 212(2). His "overriding concern in the divorce litigation" had been to protect his income-producing assets, primarily his controlling stock interests in three corporations. The Supreme Court denied the deduction on the ground (at 48) that "the characterization, as 'business' or 'personal,' of the litigation costs of resisting a claim depends on whether or not the claim arises in connection with the taxpayer's profit-seeking activities. It does not depend on the consequences that might result to a taxpayer's income-producing property from a failure to defeat the claim * * *." The Court concluded (at 51) that "the wife's claims stemmed entirely from the marital relationship, and not, under any tenable view of things, from income-producing activity." Similarly, here, the claims giving rise to the legal expenses sought to be deducted could not have existed but for the marital relationship, and hence the expenses are not deductible. See also United States v. Patrick, 372 U.S. 53 (1963); Meyer J. Fleischman 45 T.C. 439(1966); *273 Harris v. United States, 275 F. 2d 238 (C.A. 9, 1960). 2. Foreign Travel Issue Findings of Fact In 1964 petitioner was an officer of First of Michigan Corporation, an underwriting firm and dealer in securities. He and his wife were planning a vacation trip to Europe. By memorandum dated September 17, 1964, Milton J. Pappas, a fellow officer of First of Michigan Corporation and a director of Veseley Company, a manufacturer of camping trailers, requested petitioner to survey the European market for such trailers. Petitioners later journeyed to Europe, visiting, among other places, London, Copenhagen, West Berlin, Geneva, Paris, and Rome. Upon his return from Europe, petitioner sent a one-page memorandum to Pappas, commenting on the possible marketability of trailers in Belgium, Denmark, West Germany, Switzerland, France, Spain, and Italy. Petitioner subsequently became a director of Veseley Company. Although it was the policy of First of Michigan Corporation to reimburse all business traveling expenses, petitioner neither requested nor received reimbursement from that company for any part of the expenses incurred on the trip. Petitioner likewise did not receive *274 reimbursement from Veseley Company. Petitioners expended $3,683 on the European trip and claimed one-third of the total cost ($1,227.72) as a deduction on their income tax return for 1964. In the notice of deficiency respondent disallowed the full amount of the deduction "because it has not been established that said amount was an ordinary and necessary business expense or was expended for the purpose claimed." Opinion We agree with respondent that petitioner has utterly failed to substantiate his foreign travel expenses in the manner prescribed by section 1.274-5(b)(2) and (c), Income Tax Regs. But, more fundamentally, we believe that petitioner has failed to show that the expenses were incurred in the "pursuit" of his "trade or business" under section 162(a)(2). [4] Although petitioner was employed by First of Michigan 140 Corporation at the time of the trip, he did not make the trip on that firm's behalf. If the expenses were in fact connected with any trade or business, it was that of Veseley Company, not that of petitioner or his employer. But expenses incurred by one taxpayer for the benefit of another may not be deducted by the former. See, e.g., Deputy v. du Pont, 308 U.S. 488, 493-494 (1940); *275 Noland v. Commissioner, 269 F. 2d 108, 111 (C.A. 4, 1959), affirming a Memorandum Opinion of this Court certiorari denied 361 U.S. 885 (1959). Petitioner argues, however, that the expenses are deductible under section 162 because they resulted in his election, at some undisclosed later time, to an income-producing position as a director of Veseley Company. Assuming arguendo that in 1964 he was seeking election to the board of directors of Veseley Company and that expenses incurred in such a campaign would be deductible, but cf. McDonald v. Commissioner, 323 U.S. 57 (1944), petitioner has not shown any relationship between the report on his trip and his attainment of the directorship. [5] *276 More important, however, even had petitioner shown a direct connection between the trip, his report, and his selection to the directorship, he would not be entitled to deduct the expenses here involved. This Court has held that: The word "pursuit" in the statutory phrase "in pursuit of a trade or business" is not used in the sense of "searching for" or "following after," but in the sense of "in connection with" or "in the course of" a trade or business. It presupposes an existing business with which petitioner is connected. Morton Frank, 20 T.C. 511, 513-514 (1953). *277 As noted above, the expenses of petitioner's trip were not incurred "in connection with" or "in the course of" his trade or business as an employee of First of Michigan Corporation. At best, these expenses were merely preparatory to petitioner's entry into a new business as a director of Veseley Company. Such expenses are not deductible. See Morton Frank, supra, at 513; Rev. Rul. 55-237, 1955-1 C.B. 317; cf. C. Fink Fischer, 50 T.C. 164, 172 (1968). On this record we are compelled to conclude that the trip to Europe in 1964 was nothing more than a family vacation and whatever petitioner may have done in the way of investigating the European market for trailers was undertaken merely as an accommodation to Pappas. Accordingly, the expenses incurred on the trip are not deductible. 3. Entertainment Expense Issue Findings of Fact During 1964 and 1965 petitioner was the largest stockholder, a director, an executive vice president, and the sales manager of First of Michigan Corporation. In these capacities, he entertained his own customers, potential customers, the customers of other salesmen, and, on occasion, the registered representatives *278 and officers of the company. His entertaining included an annual Christmas party to which he invited about 175 people. First of Michigan Corporation reimbursed petitioner for some of his entertainment expenses and he claimed no deductions for such reimbursed expenses. However, a portion of petitioner's entertainment expenses were not reimbursed by his employer. It is this latter category of expenses that petitioner seeks to deduct, in the amounts of $3,120.50 in 1964 and $3,260.50 in 1965. Petitioner kept no daily diary or other contemporaneous record of his entertainment expenses. The only records kept to document petitioner's entertainment expenses were bills, which contained no supporting information showing the business purpose, if any, of particular expenses, and canceled checks covering the Christmas party. In the deficiency notice respondent determined that petitioners' "allowable deductions for unreimbursed travel and entertainment expenses for the taxable years 1964 and 1965 are $1,010.70 and $1,307.58, respectively, rather than the $3,120.50 and $3,260.50 amounts as claimed." The notice disallowed the following amounts on the ground that it was not established that they *279 "were 141 expended, or if expended, were ordinary and necessary business expenses": 1964
1965
(a) Payments to Keans
$460.56
(b) Club expenses
$364.00
445.00
(c) Club dues
576.00
576.00
(d) Home entertainment ex- penses 1,169.80
471.36
Total
$2,109.80
$1,952.92
Opinion Petitioner offered no evidence whatever that he expended any sums in 1964 and 1965 as "Payments to Keans," "Club expenses," or "Club dues." We must, therefore, sustain respondent's disallowance of deductions for these items because of petitioners' failure of proof. As to "Home entertainment expenses" petitioner offered only his testimony, summarized in our findings, describing the annual Christmas party and a recently complied list of the guests who attended the party in 1964. Petitioner offered no definite, concrete evidence of the actual amount of his expenditures, his most specific testimony being that "this party would run $750 to - well, I think it would be $750 to $850 for the party." On brief petitioner argues that "the bills for expenses charged have been reviewed by the respondents [sic]" but the deficiency notice determined that it "has not been established" *280 that the claimed home entertainment expenses "were expended." At no point in the pleadings, briefs, or at the trial did respondent admit that the claimed expenditures were made. Nor is there any evidence that the guests invited to the Christmas party were not also close personal friends as well as customers or employees of First of Michigan Corporation or that inviting these guests benefited petitioner's business as an employee. Even if the evidence were sufficient to permit application of the rule of Cohan v. Commissioner 39 F. 2d 540 (C.A. 2, 1930), we are precluded from allowing as a deduction an approximation of petitioner's entertainment expenses by the requirement of section 274(d) that such expenses be substantiated "by adequate records or by sufficient evidence corroborating his own statement." William F. Sanford 50 T.C. 823, 828 (1968). We must sustain respondent's disallowance of the claimed deductions. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. SEC 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - * * * (2) for the management, conservation, or maintenance of property held for the production of income; or* * * ↩
3. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
4. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * *↩
5. The report consists only of very general statements that good sales opportunities exist in some countries but not in others, without any details as to any particular country. The most specific description petitioner could give of his efforts on behalf of Veseley Company was his testimony that he "talked to bankers" (whose names he could not remember), and he "talked to" automobile dealers, and that he attended the Paris automobile show where there was a display of trailers. We are not convinced that such an "Inside Europe" survey in and of itself explains petitioner's selection as a director of Veseley Company.↩